## MANNING v. UNITED STATES.

### No. 11848.

Circuit Court of Appeals, Fifth Circuit.

May 28, 1947.

Rehearing Denied Aug. 2, 1947.

G. Ernest Jones and Robert W. Gwin, both of Birmingham, Ala., for appellant.

John D. Hill, U. S. Atty., of Birmingham, Ala., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

On Petition for Rehearing. Before SIBLEY, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

On October 18, 1945, on plea of guilty, Donald R. Manning was convicted on eight counts of an information charging him with unlawfully introducing in interstate commerce a number of packages containing drugs which had been misbranded, all in violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 352(a). Manning was sentenced to thirty days imprisonment under count one, and on the other counts was placed on probation for a period of three years.

On November 13, 1946, the probation officer filed a complaint charging that Manning had violated the conditions of his probation. The matter came up for hearing on November 15, 1946, and Manning moved for a more definite and formal complaint setting out the charges against him. The motion was denied, but there was filed a statement which recited: "Violations of Conditions of Probation: 1. Practicing medicine without a license during period from May 1, 1946, to August 31, 1946. 2. On or about May 9, 1946, used the mails to defraud Charles Ebel of Box 117, Cherokee, Ala. 3. On or about August 26, 1946, used the mails to defraud M. T. Hanson, Repton, Ala. 4. On or about August 26, 1946, used the mails to defraud Olive Harold of Box 369, Bay Minette, Ala." The hearing was continued until November 22, 1946, and was then conducted before the district judge that had originally placed Manning on probation. Testimony for and against Manning was received, and at the conclusion of the hearing the district judge revoked Manning's probation,[1] fined him $750.00, and committed him to the custody of the Attorney General for a period of one year. From the order revoking the probation, Manning has appealed.

Appellant contends that he was entitled to have in advance a list of adverse witnesses and a more particular specification of the charges against him than was furnished; that there were no conditions of probation pronounced at the time he was placed on probation; and that the evidence at the hearing was not sufficient to justify revocation of probation on either of the

[1] In revoking the probation, the trial judge stated: "As I see the evidence in this case, I think this man is engaged in a business which constitutes a fraud on the general public. I think he is out there practicing medicine, and I think it should be stopped. And I think he is selling these alleged herb medicines to ignorant people * * * and he is liable to cause them to die from want of proper 'medical care. * * * It is really based on three things. In the first place, I think he is practicing medicine without a license, and I think he is making a diagnosis of ailments, and, as I said, preparing medicine and representing it will cure. In addition to that, he has signs advertising to Negroes and very ignorant people. I think he is holding himself out to them as a doctor, * * * he is using a stethoscope, and I think under all the facts in this case he is practicing medicine. As I say, I think it is a fraud on the public which should not be tolerated. They were after him, according to the records that have been furnished me from the Probation Department, about practicing in Georgia without a license. Under his own statement, he was practicing in Georgia without a license, and he has come over here and is making a lot of money out of it. I am revoking his probation, first, on the theory that he is practicing medicine without a license. Second, on the theory he is using the mails to defraud. And, third, on the theory he is not leading an honest life as required by the conditions of probation. In other words, I think he is in a dishonest business and I think it is a fraud on the general public. * * *"

theories: (1) That he was using the mails to defraud, (2) that he was practicing medicine without a license, or (3) that he was not leading an honest life as required by the alleged conditions of probation.

■■ As to appellant's allegations that the complaint against him was not specific enough, it is sufficient to say that a proceeding for revocation of probation is not one of formal procedure "either with respect to notice or specification of charges or a trial upon charges. The question is simply whether there has been an abuse of discretion and is to be determined in accordance with familiar principles governing the exercise of judicial discretion." Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 156, 77 L.Ed. 266; Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; Dillingham v. United States, 5 Cir., 76 F.2d 35.

■■ A probationer may not have his probation revoked unless it is made to appear that he has failed to comply with the terms and conditions of his probation. Mankowski v. United States, 5 Cir., 148 F.2d 143, 144. Appellant accordingly asserts that no terms or conditions of probation were included in the judgment placing him on probation. This contention is without basis or merit. Since September 21, 1939, there has been in the District Court of the Northern District of Alabama a standing order imposing general conditions of probation.[2] Not only did this order apply to Manning's case, but the conditions in the order were specifically called to his attention in a written statement, of which he received a copy, and for which he gave his receipt in writing.[3]

■ There is no merit in appellant's contention that the evidence was not sufficient to justify revocation of his probation. Ac-

tion of a trial judge in revoking probation is an exercise of broad discretionary power, and on appeal the question is simply whether there has been an abuse of discretion. Burns v. United States, 287 U.S. 216, 53 S. Ct. 154, 77 L.Ed. 266; Pritchett v. United States, 4 Cir., 67 F.2d 244. There is abundant evidence in this record from which the trial judge could, and did, conclude that Manning, in the conduct of his herb business, was holding himself out to ignorant people as a doctor; that he was purporting to diagnose ailments and was prescribing medicines for their cure; that the medicines which he prescribed and sold by mail were not beneficial, but were, in many instances, absolutely worthless and harmful to the patient; and that Manning was not leading an honest life, but was perpetrating a fraud on the public.

■■ It may be, as appellant contends that the evidence on the probation revocation hearing would not be sufficient to support a conviction under federal laws for using the mails to defraud or under Alabama law for practicing medicine without a license. But proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. A judge in such proceeding need not have evidence that would establish beyond a reasonable doubt guilt of criminal offenses. All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation. Campbell v. Aderhold, D.C., 36 F.2d 366; United States v. Hanson, D.C., 49 F.Supp. 355.

■ Manning was given a full, fair, and comprehensive hearing before the trial judge. The record, instead of showing abuse of discretion on the part of the trial

---

[2] This standing order on probation conditions was not included by appellant in his record on appeal, but this court directed that it be sent up. This order provides, among other things, that a probationer must: "6. Conduct himself or herself honorably, work diligently at a lawful occupation and support his or her dependents, if any, to the best of his or her ability. 9. Not violate any law; local, state or national."

[3] The written notice of conditions which

Manning received advised him of the general conditions of probation: "The general conditions of probation are as follows: (a) Refrain from the violation of any state and federal penal laws. (b) Live a clean, honest, and temperate life. * * *" Manning admitted that he had received the copy of the conditions of probation. The Court: "I want to ask you if you signed those conditions at the time I placed you on probation in this case?" Manning: "Yes, sir, I did."

judge, discloses a sound exercise of judicial discretion and fully supports the order revoking appellant's probation.

The judgment is affirmed.