Jefferson Davis BROADUS and Joe Curt
Coleman, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 20032.

United States Court of Appeals
Fifth Circuit.

May 22, 1963.

Rehearing Denied June 27, 1963.

Alto W. Watson, Beaumont, Tex., for appellants.

Leighton Cornett, Asst. U. S. Atty., Wm. Wayne Justice, U. S. Atty., Tyler, Tex., for appellee.

Before RIVES and GEWIN, Circuit Judges, and SHEEHY, District Judge.

SHEEHY, District Judge.

This appeal is from judgments of the court below revoking probation as to the appellants, respectively, and sentencing each to imprisonment for a term of three years.

The appellants were charged in a single indictment with certain violations of the Internal Revenue laws relating to liquor. In Counts One, Two and Four, the appellant Broadus alone was charged with violations of 26 U.S.C.A. § 5686(a). In Count Three, both appellants were charged with a violation of said § 5686(a). In Count Five, the last count of the indict-

ment, the appellants, jointly, were charged with a conspiracy to violate 26 U.S.C.A. §§ 5601(a) (7), 5205(a) (2), 5179 (a) and 5173 in violation of 18 U.S.C.A. § 371. On March 27, 1961, the appellant Coleman entered a plea of guilty to Count Five, and thereupon Count Three as to him was dismissed. The court then imposed on Coleman a prison sentence of three years and a fine of $2,000.00. The prison sentence was suspended for a period of five years conditioned upon the good behavior of Coleman, and he was placed on active probation for that period.

Count One of the indictment was dismissed, and on March 27, 1961, after a trial before the court on a plea of not guilty as to the remaining four counts, Broadus was found guilty as charged in each of said counts. The court then imposed a fine of $2,000.00 generally on Counts Two, Three and Four and sentenced Broadus to three years imprisonment and a fine of $2,000.00 on Count Five with the $2,000.00 fine on Count Five to run concurrent with the fine of $2,000.00 imposed on Counts Two, Three and Four. The court suspended Broadus' three year sentence for a period of five years conditioned on his good behavior and placed him on active probation for such period of time. Broadus, as well as Coleman, promptly paid the fines imposed.

On July 18, 1962, the Probation Officer of the court below filed separate motions as to the appellants charging that each, subsequent to receiving the sentences above mentioned, had continued to engage in the illicit liquor business in certain particulars in violation of the conditions of his probation. Thereafter, after due notice to the appellants and their attorney of record, the court, on September 18, 1962, had a full hearing on said motions of the Probation Officer, with the appellants being present and being represented by their attorney. Following the hearing, the trial court found that each of the appellants, subsequent to the granting of probation, had engaged in the illicit liquor business in

certain particulars and thereby had violated the conditions of his probation. Based on those findings and conclusions the trial court entered a judgment as to each of the appellants revoking his probation and sentencing him to prison for three years. It is these judgments that the appellants seek to have reversed.

 Whether probation should be revoked in a particular case is within the sound judicial discretion of the court granting it. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Yates v. United States, 10 Cir., 308 F.2d 737, and Manning v. United States, 5 Cir., 161 F.2d 827, cert. denied, 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374. Thus in an appeal from an order revoking probation, the only question presented is whether the trial court abused its discretion in finding that one or more of the conditions of the probation had been violated. Burns v. United States, supra; Yates v. United States, supra; and Hensley v. United States, 5 Cir., 257 F.2d 681.

 At the hearing below the appellee called as one of its witnesses a senior investigator with the Alcohol and Tobacco Tax Unit by the name of Berry who testified that he purchased 200 gallons of "non-tax paid" whiskey from appellant Broadus in Mississippi on May 25, 1962. Berry further testified that on May 30, 1962, he had a long distance telephone conversation with Broadus in which arrangements were made for him to purchase another 200 gallons of whiskey from Broadus. Berry made a tape recording of the conversation. After the tape recording was identified by Berry, same was offered in evidence. At the time it was offered in evidence, the appellants objected to same as being evidence illegally obtained in violation of 47 U.S.C.A. § 605 and further moved to suppress it. The trial court overruled appellants' objections and admitted the tape recording into evidence with the understanding that appellants might later urge their motion to suppress or a motion to strike said tape recording as evidence. At the conclusion of the evi-

dence, and before the trial court announced its judgments on the motions to revoke probation, the trial judge stated into the record in open court, in the presence of the appellants and their attorney, that he was sustaining the motion to suppress said tape recording of the telephone conversation between Berry and the appellant Broadus and that such recording was stricken from the record. Appellants vigorously contend that said tape recording was illegally obtained in violation of 47 U.S.C.A. § 605, and even though the trial court struck same from the record after having heard it played, the recorded telephone conversation so poisoned the entire hearing as to cause a manifest abuse of discretion on the part of the trial court in revoking the probation of the appellant Broadus. Such contention is without merit because (1) under the holding of this Court in Carnes v. United States, 295 F.2d 598, cert. denied, 369 U.S. 861, 82 S.Ct. 949, 8 L.Ed. 2d 19, said tape recording was not obtained in violation of 47 U.S.C.A. § 605 and, therefore, not inadmissible in evidence as being in violation of said statute, and (2) even if the admissibility of said recording were questionable, the trial court having ordered said tape recording stricken from the record, this Court will assume that he gave no consideration to it in finding that Broadus had engaged in the illicit whiskey business subsequent to receiving probation.

After having carefully reviewed the record in this case, we find and conclude that the appellants, and each of them, were given a full and fair hearing by the trial court, and that there was ample evidence to reasonably satisfy the trial court that the appellants, and each of them, engaged in the illicit liquor business subsequent to the granting of probation. Therefore, the trial court did not abuse its discretion in finding that the appellants, and each of them, had violated the conditions of their probation and in ordering a revocation of the probation of each of the appellants. Accordingly, the judgments appealed from are

Affirmed.