**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Thomas CLANTON, Defendant-Appellant.**

**No. 27786**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1969.

B. Galloway Austin, W. E. Gore, Jr., Jackson, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ The only question for determination on this appeal is whether or not there was abuse of discretion by the District Court in revoking appellant's probation.[1]

James Thomas Clanton was originally sentenced on two counts for violation of 26 U.S.C. §§ 7206(4), 5604(a) (1) and 5205(a) (2), possession and concealment of tax-unpaid whiskey in unstamped containers. The Court imposed concurrent sentences of three and five years, respectively, with imprisonment for three months, and suspension of execution of the remaining four years and nine months. Appellant was placed on probation for five years.

During the probation period appellant was arrested five times for illegal possession of whiskey in violation of laws of the State of Mississippi. Following these arrests, the District Judge called in probationer for questioning but declined to revoke probation at that time because of the Court's knowledge that probationer had been used as a decoy or informer by certain state and federal officials in their efforts to apprehend other violators, which practice the Court severely criticized in the presence of probationer. Nevertheless, the District Judge admonished appellant not "to fool with whiskey in any shape or fashion for anybody" in the future and further warned him that if he again violated the terms of probation, it would be revoked and the remainder of the unexecuted sentence imposed. Following this hearing probationer was again arrested by State officials on September 30, 1968 for illegal possession of fourteen gallons of tax-unpaid whiskey. A petition for revocation was filed and after a hearing thereon, at which appellant was represented by counsel, the Court revoked probation and ordered the remaining portion of the suspended sentence to be put into effect.

At the revocation hearing evidence was introduced to the effect that appellant was seen in a car driven by another person talking to a known bootlegger. When the car was later pursued, appellant jumped, attempted to flee and was apprehended. Fourteen gallons of tax-unpaid whiskey were found in the rear seat of the vehicle in which appellant was riding. Appellant testified that he neither owned nor was aware of the whiskey in the vehicle, and that the State charge against him, growing out of the incident, had been dismissed. He urges the same defenses on this appeal.

■ Although there was conflicting testimony relative to appellant's knowledge of the presence of whiskey in the vehicle, that fact is unavailing to appellant. It is immaterial that the charge upon which appellant's revocation was based was dismissed. Seymore v. Beto, 5 Cir., 1967, 383 F.2d 834. Nor is proof sufficient to support a criminal conviction required to maintain a revocation of probation. "All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." Manning v. United States, 5 Cir. 1947, 161 F.2d 827, 829. The law is well established that revocation of probation is an exercise of the trial court's broad discretionary power, and such an action will not be disturbed

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

in the absence of a clear showing of abuse of that discretion. Burns v. United States, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed 266 (1932); *Manning*, supra, 161 F.2d at 829; Broadus v. United States, 5 Cir., 1963, 317 F.2d 212, 213; *Seymore*, supra. We find no such abuse here.

Affirmed.