Ottis Mayo JONES, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 28881

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 13, 1970.

Ottis Mayo Jones, pro se.

Charles L. Goodson, U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

**146**

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

This appeal is taken from an order of the District Court denying the petition of a federal convict for the writ of habeas corpus. We affirm.

On January 10, 1969, appellant was given a mandatory release from the United States penitentiary in Atlanta, Georgia, with 692 days remaining to be served on a seven year sentence for violations of 18 U.S.C.A. § 2312, interstate transportation of a stolen motor vehicle. On February 22, 1969, appellant was arrested by a city policeman in Knoxville, Tennessee, for attempting to pass a stolen money order. A parole violator warrant was issued for appellant on March 13, 1969, and executed on March 17, 1969. After holding a hearing the Parole Board revoked appellant's parole.

■ Appellant now contends that evidence used against him at that hearing was later suppressed from being used against him at his trial for the violations of 18 U.S.C.A. §§ 500 and 641, and that his parole revocation was thus illegally procured. The record reveals, however, that appellant was indicted on three counts of postal money order violations. The trial court sustained a defense motion to suppress certain evidence obtained during a search of appellant's automobile, which evidence formed the basis of count three. Appellant was convicted by a jury on counts one and two and sentenced to concurrent terms of one year and five years, to run consecutively to his present sentence.

Therefore, excluding that evidence which was later suppressed, the record shows ample basis for the decision of the Parole Board, Brown v. Kearney, 5 Cir., 1966, 355 F.2d 199.

The judgment of the District Court is affirmed.