**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Lester LANGLEY, Defendant-Appellant.**

**No. 29058.**

United States Court of Appeals,
Fifth Circuit.

July 20, 1970.

Harold L. Murphy, Tallapoosa, Ga., for defendant-appellant.

Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We have directed the Clerk to place this case on the Summary Calen-

dar in accordance with the Fifth Circuit Rule 18.

William Lester Langley, a federal prisoner, appeals from an order of the district court revoking his probation. April 3, 1967, Langley pleaded guilty to a four-count indictment charging violations of the Internal Revenue laws relating to liquor. He was sentenced to three years probation. April 7, 1969, he was arrested on state charges of distilling and manufacturing alcoholic beverages. He pleaded guilty, was fined and placed on probation. He did not report his state arrest to his probation officer. July 25, 1969, the Probation Officer of the United States District Court for the Northern District of Georgia filed a motion to revoke Langley's probation setting forth as grounds the state proceedings. December 8, 1969, the district court after holding a revocation hearing, ordered Langley's probation revoked. On appeal, Langley argues that the district court's order revoking his probation should be reversed because (1) the evidence is insufficient under state law to authorize his conviction for the offense to which he pleaded guilty; (2) his conviction in state court is void because he was without counsel and was not advised of his right to counsel; and (3) the evidence is insufficient to show that he violated the terms and conditions of his probation. We affirm.

The law is well established that revocation of probation is an exercise of the trial court's broad discretionary power, and such an action will not be disturbed in the absence of a clear showing of abuse of that discretion. Burns v. United States, 1932, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266; United States v. Clanton, 5 Cir. 1969, 419 F.2d 1304. Evidence that would establish guilt beyond a reasonable doubt is not required to support a court's discretionary order revoking probation. All that is required is that the evidence and facts reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions or probation. Manning v.

United States, 5 Cir. 1947, 161 F.2d 827, cert. denied, 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374. That determination has been made by the district court and it is not erroneous.

The alleged irregularities in a state conviction, which conviction led to the revocation of federal parole, cannot be attacked collaterally by challenging the parole revocation. Peacock v. Hughes, 5 Cir. 1970, 427 F.2d 359; Beatty v. Kearney, 5 Cir. 1966, 357 F.2d 667.

The judgment of the district court is Affirmed.