**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie Walter BRYANT, Defendant-**
**Appellant.**

**No. 29395**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1970.

Michael T. Blacker, Montgomery, Ala. (Court-appointed), for defendant-appellant.

D. Broward Segrest, Asst. U. S. Atty., Ira De Ment, U. S. Atty., William H. Thomas, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, Willie Walter Bryant, appeals an order of the district court entered November 13, 1969, revoking his probation. Bryant was originally convicted on April 18, 1969, under one

---

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

count of an indictment charging conspiracy to violate federal revenue laws and received a three-year "split sentence" (Title 18, U.S.C., Sec. 3651), two months confinement with thirty-four months probation to follow. He was, on July 9, 1969, released on probation. Four months later appellant was arrested on a warrant charging a violation of his probation. After a hearing probation was revoked and he was ordered to serve a reduced two-year confinement sentence imposed under Title 18, U.S.C., Section 4208(a) (2).

In this appeal Bryant urges that the lower court abused its discretion in revoking his probation and further that he was not afforded due process of law in the revocation hearing. We disagree, and affirm.

Federal agents testified that while they had an illicit liquor distillery in Crenshaw County, Alabama, under observation before daylight they saw appellant's car stop nearby and let out two men. The men took two bags of rye, a butane tank and a section of steam line from the car and carried it into the woods toward the still site and then returned. The driver, who stayed in the car, could not be positively identified but was said to have been the same general build as appellant. Appellant's car then left and returned about fifteen minutes later and again discharged two men who took some packages of sugar from the car. The driver then drove off. Later the same morning the still located near where the appellant's car had stopped was raided. One man was arrested, another escaped and the items seen taken from appellant's car were confiscated. An agent testified that in setting up the surveillance the agents had been acting on information received from an informer who said that Bryant ran a still and that he did not go to it because he was on probation but instead

hired the work done and that on the morning in question Bryant would drop off still-hands and supplies near the still.

In addition to the above evidence the district judge noted that the presentence report detailed appellant's several prior convictions for illegal whiskey violations.

The conditions of appellant's probation required that he refrain from violating federal law and that he associate only with law-abiding persons.

■ A probation revocation hearing is not a formal trial and such revocation is clearly within the broad discretion of the trial court. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932); United States v. Clanton, 5 Cir. 1969, 419 F.2d 1304. "All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation". Manning v. United States, 5 Cir. 1947, 161 F.2d 827, 829.

■ Applying the above principle to the facts of this case, we find no abuse of discretion by the trial judge.

■ We have considered and find without merit appellant's contention that he was denied adequate notice as to the grounds of the proposed revocation. It is clear from the record appellant knew precisely the grounds relied upon for revocation by his probation officer. At the time his car was seized he was told the agents were taking it in for transporting sugar to a still. He later notified his probation officer regarding the seizure. Moreover, the failure of Bryant and his counsel to object at his hearing to the sufficiency of the notice precludes this point being raised upon appeal. United States v. Cates, 4 Cir. 1968, 402 F.2d 473.

Affirmed.