**James Ray SPANN, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 29636**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 7, 1970.

James Ray Spann, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Morton J. Hanlon, Asst. Atty. Gen., Lakeland, Fla., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

James Ray Spann, a Florida state prisoner, appeals from the district court's denial of habeas corpus relief. We affirm the judgment below.

Appellant was convicted on October 6, 1964 of robbery, and received a ten-year sentence. He was paroled on November 20, 1967. On December 17, 1968, appellant was convicted in Bradenton Municipal Court of drawing a concealed weapon, a misdemeanor, which carries a maximum jail sentence of sixty days and/or a $250.00 fine. Subsequently, on March 10, 1968, appellant's parole was revoked after a hearing.

Appellant now contends that his parole revocation was based on a Constitutionally infirm conviction since he was denied assistance of counsel at his municipal court trial due to his indigency.

■ We do not find it necessary to consider the merits of appellant's contention, since the record before this Court discloses that appellant's parole was not revoked solely on the basis of the complained-of conviction. The parole revocation order states that appellant violated the conditions of his parole by (1) having been convicted of the misdemeanor; and (2) possessing a weapon, without the consent or knowledge of his supervisor.

Appellant has not challenged the validity of the parole board's latter finding, which standing alone justifies the revocation of his parole. See Amaya v. Beto, 5th Cir. 1970, 424 F.2d 363; United States v. Clanton, 5th Cir. 1969, 419 F.2d 1304.

The judgment of the district court is affirmed.

Affirmed.

* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.