**Roger Jay KLIER, Petitioner,**

v.

**Louis L. WAINWRIGHT, Respondent.**

**Civ. No. 71–1272.**

United States District Court,
S. D. Florida,
Miami Division.

Nov. 15, 1971.

Barry Scott Richard, Miami, Fla., for respondent.

J. Leonard Fleet, Hollywood, Fla., for petitioner.

## ORDER OF DISMISSAL

EATON, District Judge.

Roger Jay Klier has filed a petition for writ of habeas corpus seeking his release from custody of the respondent. Petitioner is presently serving a 2½ year sentence imposed in the Court of Record, Broward County, Florida, on September 9, 1970. Previously, on March 21, 1969, petitioner had been placed by that Court on probation for a term of three years. On August 31, 1970, petitioner was charged with violating two conditions of his probation, namely:

Violation of Condition (d), Order of Probation by failing to avoid association with persons of harmful character and bad reputation in that from December, 1969, through August, 1970, he did associate with one John Mario DeGaglia, a person of bad character and past criminal record.

Violation of Condition (h), Order of Probation by violating the law in that on October 13, 1969, he did have a narcotic drug, heroin, in his possession.

After a hearing on September 10, 1970, at which petitioner was represented by counsel, Judge Reasbeck of the Court of Record, Broward County, concluded that petitioner had violated the above stated conditions of probation, revoked petitioner's probation, and sentenced him to 2½ years imprisonment.

On direct appeal, the revocation of probation was affirmed. Klier v. State, 246 So.2d 177 (Fla.App. 4th Dist.1971).

In this petition for writ of habeas corpus, petitioner alleges the same grounds for relief he alleged on direct appeal. Therefore, petitioner has exhausted his state remedies. Malone v. Wainwright, 433 F.2d 927 (5 Cir. 1971).

In essence, the grounds urged are that a probationer is entitled to the benefits of the Fourth Amendment of the United States Constitution and Section 12 of the Florida Declaration of Rights; that evidence as to his possession of heroin on October 13, 1969, should have been suppressed; and that there was not sufficient evidence presented to sustain the accusation that petitioner had failed to avoid association with a person of harmful character and bad reputation.

On October 17, 1969, while petitioner was on probation, he was charged with having possessed heroin on October 13, 1969. In the criminal narcotics case, petitioner moved to suppress the evidence which provided the basis for the charge on the ground that said evidence was seized as a result of an unreasonable search and seizure in violation of his rights under the Fourth Amendment to the United States Constitution and Section 12 of the Declaration of Rights under the Florida Constitution. The revocation of probation hearing was held prior to the disposition of the criminal case. At the revocation hearing petitioner sought unsuccessfully to suppress evidence regarding his possession of heroin. He raised the same constitutional objections he raised in the criminal case. The judge considering revocation of probation was apparently of the opinion that petitioner could not raise the question of the legality of the search and seizure at proceedings to revoke probation.[1] After petitioner's probation

---

1. Whether a court can properly consider evidence obtained as a result of an unreasonable search and seizure in revocation of probation or parole proceedings is a question that has given rise to divergent views. Compare, United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161 (2 Cir. 1970); Grogan v. United States, 262 F.2d 78 (5 Cir. 1958); with Brown v. Kearney, 355 F.2d 199 (5 Cir. 1966); Jones v. United States, 427 F.2d 145 (5 Cir. 1970).

was revoked and he was sentenced, the state promptly dismissed the criminal charges against him.

■ However, the answer to that question would not dispose of this case. There was ample evidence presented to the state court judge, aside from the alleged illegally obtained evidence, to show that there was no abuse of discretion in the revocation of petitioner's probation. Even if this Court were inclined to the view that there was an abuse of discretion in the decision to revoke petitioner's probation, such a view alone would not provide a basis for federal habeas corpus relief. Only a conclusion that the state court judge abused his discretion to the extent that petitioner was deprived of his federal constitutional rights to due process could justify any intrusion by this Court.

■■ The trial court has broad discretionary power in considering revocation of probation. A revocation proceeding is not a new trial. All that must appear is that the court was reasonably satisfied that the conduct of the probationer was not as good as is required by the conditions of probation. United States v. Bryant, 431 F.2d 425 (5 Cir. 1970); United States v. Clanton, 419 F.2d 1304 (5 Cir. 1969); Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947).

The record reveals that when petitioner was placed on probation he was notified that it was a condition of his probation that he avoid association with persons of harmful character and bad reputation; that sometime in October of 1969, after petitioner was placed on probation, he was employed by one Mario DeGaglia; that in February, 1970, DeGaglia was arrested on a narcotics charge; and that after this arrest petitioner continued his association with DeGaglia through his employment until at least July of 1970. The record also reveals that DeGaglia had a reputation amongst local police officers in the Hollywood, Florida area as a drug pusher. Therefore, a conclusion that the revocation of probation was such an abuse of

discretion as to deprive petitioner of his right to due process is unwarranted. Petitioner's contention that there is no evidence that he knew of DeGaglia's arrest or his reputation is of no consequence. A similar claim was rejected in United States v. Clanton, supra, 419 F.2d at 1305. In *Clanton,* the probationer was observed in a car driven by another person. Probationer was talking to a known bootlegger. When the car was pursued, probationer jumped and attempted to flee but was apprehended. Fourteen gallons of tax-unpaid whiskey were found secreted under the rear seat of the vehicle. Probationer was arrested, but the charges against him were later dismissed. In defense of the revocation of his probation he urged that he was unaware of the whiskey in the vehicle. The Fifth Circuit Court of Appeals did not decide the case on the basis that knowledge could be inferred from his flight at the time of arrest. The case was decided on the basis that lack of knowledge was irrelevant. The Court concluded:

"Although there was conflicting testimony relative to appellant's knowledge of the presence of whiskey in the vehicle, that fact is unavailing to appellant. It is immaterial that the charge upon which appellant's revocation was based was dismissed. Seymore v. Beto, 5 Cir. 1967, 383 F.2d 834. Nor is proof sufficient to support a criminal conviction required to maintain a revocation of probation. 'All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.' Manning v. United States, 5 Cir. 1947, 161 F.2d 827, 829. The law is well established that revocation of probation is an exercise of the trial court's broad discretionary power, and such an action will not be disturbed in the absence of a clear showing of abuse of that discretion. Burns v. United States, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932); *Manning,*

*supra,* 161 F.2d at 829; Broadus v. United States, 5 Cir. 1963, 317 F.2d 212, 213; *Seymore, supra.* We find no such abuse here." *Id.* at 1306.

It is clear, therefore, that the state trial judge did not abuse his discretion in revoking petitioner's probation and that petitioner was not deprived of his federal constitutional right to due process of law.