**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Guadalupe GARZA, Defendant-
Appellant.**

No. 73-2370

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1973.

Thomas G. Sharpe, Jr., court-appointed, Brownsville, Tex., for defendant-appellant.

James R. Gough, Jr., Robert Darden, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The sole question this appeal presents is whether the district court abused its discretion in revoking the defendant-appellant's probation. The record reveals that, while on probation, the defendant was convicted of a federal criminal of-

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

fense. The defendant was convicted of possessing with intent to distribute one-hundred-four (104) pounds of marihuana in violation of Title 21 U.S.C. § 841(a)(1) (1970). As a result of this conviction, his probation was revoked on April 19, 1973, and he was sentenced to three years imprisonment, this sentence to run concurrently with that assessed upon the criminal conviction. The defendant had been placed on probation in 1969, as a result of his conviction upon a plea of guilty to a violation of the Marihuana Tax Act, Title 26 U.S.C. § 4744(a)(2) (1964). Although his conviction, which he has appealed separately, is not in issue here, the appellant contends in his brief that an element of the offense alleged was not proved beyond a reasonable doubt at trial and that the revocation of his probation was, therefore, erroneous.

The contention of the appellant is without merit. Probation revocation is a matter entrusted to the sound discretion of the district court, and only upon a clear showing of abuse of that discretion will the district court's decision be disturbed. Burns v. United States, 1932, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266, 269; United States v. Clanton, 5 Cir. 1969, 419 F.2d 1304, 1305–1306. No such abuse has been demonstrated here. A revocation of probation does not require proof sufficient to sustain a criminal conviction. All that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of the probation. *Clanton,* supra, 419 F.2d at 1305; Manning v. United States, 5 Cir. 1947, 161 F.2d 827, 829. Notwithstanding his attack upon it, the defendant's criminal conviction clearly provided an adequate evidentiary basis for the district court's revocation order. United States v. Carrion, 9 Cir. 1972, 457 F.2d 808, 809. If he wishes to attack the proceedings at his trial, it is the conviction itself, rather than the probation revocation that he must challenge.

The order appealed from revoking defendant-appellant's probation is

Affirmed.