**UNITED STATES of America,**

**v.**

**Cornelius E. YANCEY, Defendant.**

**Action No. 2:96CR155.**

United States District Court,
E.D. Virginia.

May 26, 2000.

Robert J. Krask, Assistant United States Attorney, Norfolk, VA, for U.S.

Andrew M. Sacks, Sacks & Sacks, Norfolk, VA, for Cornelius E. Yancey.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant's motion for reconsideration of

1. Defendant was also charged in the April 11, 2000, addendum with receiving stolen property in violation of his supervised release. However, the court did not take evidence, nor did it render any findings on this violation.

this court's factual findings and sentencing determination at his supervised release violation hearing and defendant's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. For the reasons outlined below, defendant's motion for a new trial is **DENIED,** and while the court **GRANTS** defendant's motion for reconsideration, after considering the arguments put forth by defense counsel, the court's findings of fact and sentence remain unchanged.

### I. Facts

On April 27, 2000, defendant came before the court pursuant to a petition and two addenda alleging six separate violations of the terms and conditions of his supervised release. Defendant was cited for the following: (1) committing three criminal acts in violation of the condition not to commit another state or local crime; (2) failure to pay restitution as directed by the probation officer; (3) failure to submit monthly supervision reports as directed; and (4) failure to follow the instructions of the probation officer. Specifically, the three criminal offenses with which defendant was charged included driving on a suspended operator's license, forgery, and making false statements.[1] On April 17, 2000, the court heard testimony for three hours in connection with the violations, issuing its findings of fact from the bench and sentencing defendant to twenty-two months incarceration.

Subsequent to this court's hearing, the three state criminal charges were either dismissed or nolle prossed in state court. Based on these results in state court, on April 27 and April 28, 2000, defendant filed the instant motions for consideration by this court. The United States filed its response on May 1, 2000. On May 15,

Given the numerous other violations before the court, it was unnecessary and inefficient to proceed on this violation at that time. *See infra* note 4.

2000, defendant filed a reply brief. The matter is now ripe for review.

## II. Discussion

### A. Motion for a New Trial

■ Rule 33 of the Federal Rules of Criminal Procedure provides that, upon the basis of newly discovered evidence, a "court may grant a new trial to [the] defendant if the interests of justice so require." The Fourth Circuit requires a defendant pursuing a new trial motion on the basis of new evidence to establish that: (1) the evidence in question is newly discovered; (2) the defendant exercised due diligence in discovering the same; (3) the evidence in question is not merely cumulative or impeaching; (4) the evidence in question is material to the issues in dispute; and (5) an acquittal would probably have resulted if such evidence had been presented at trial. *See United States v. Chavis*, 880 F.2d 788, 793 (4th Cir.1989).

■ The thrust of defendant's argument, which the court notes is without legal authority, is that the dismissals or nolle prosses of the three pending state law violations listed in defendant's petition on supervised release constitute "new evidence" for which a new trial is warranted. However, a new trial motion is not an appropriate procedural vehicle for defendant to pursue at this time. The contested findings and sentence term arose not from a criminal trial, but instead from a hearing on a violation of supervised release. The procedure to be followed in a violation of supervised release hearing is governed by Federal Rule of Criminal Procedure 32 .1. The 1979 Advisory Committee Notes to Rule 32.1 provide that "the hearing required by rule 32.1(a)(2) is not a formal trial." Fed.R.Crim.P. 32.1 (Advisory Committee Notes). A hearing on supervised release is simply a hearing at which a court makes findings of fact and sentences defendants pursuant to the legal authority outlined in 18 U.S.C. § 3583 and the Federal Rules of Criminal Procedure. A revocation hearing is, by its terms, a post-trial event and cannot be considered an adjudication of rights that would support a new trial pursuant to Rule 33.

■ Moreover, even if the court *could* consider this evidence pursuant to a Rule 33 motion, the motion would be denied for two reasons. First, the "new evidence" would not have "resulted in an acquittal" for the reasons outlined below in connection with defendant's motion to reconsider. Second, the evidence is not really "new," as the court was aware of the pending state charges and the possibility of a favorable disposition to defendant at the time of the supervised release violation hearing on April 17, 2000. (Tr. Hr'g Violation Supervised Release at 7–8).[2] As such, defendant's motion for a new trial based on newly discovered evidence is **DENIED.**

### B. Motion for Reconsideration

Although the court finds that the motion for a new trial is not the correct procedural vehicle for this court to consider the dismissal of the state court charges, the court considers the merits of defendant's arguments and the substance of the "new evidence" in connection with defendant's motion for reconsideration. To that end, the court **GRANTS** defendant's motion for reconsideration. However, after reviewing the court's notes from the revocation hearing, the transcript from the revocation hearing, the evidence presented at the revocation hearing, and the legal standard applied at the revocation hearing, all in conjunction with defendant's "new evidence," the court's findings and sentence remain unchanged.

---

**2.** At the April 17, 2000, hearing, the court noted to defendant's attorney that, although the court would proceed to reach the merits of the petition and addenda at that time, should defendant prevail in state court on the criminal charges, the court would entertain a motion for reconsideration. (Tr. Hr'g Violation Supervised Release at 7–8). Therefore, although the dismissals and nolle prosses of the state charges do not constitute "new evidence," the court considers counsel's arguments on a motion to reconsider.

## 1. Findings of Fact

■ At the hearing on the violation of supervised release, the court found, *by a preponderance of the reliable, credible evidence,* that the defendant had violated state and local law by (1) driving on a suspended drivers license, (2) making a false statement, and (3) forging a signature, as charged in the petition on supervised release. (Tr. Hr'g Violation Supervised Release at 106–09). Defendant urges this court to reconsider its findings because those same charges have since been dismissed or nolle prossed by state courts of competent jurisdiction.[3] In essence, defendant argues that the state court actions on the state criminal charges should be dispositive of, or heavily influence, this court's adjudication of defendant's supervised release violations. This court disagrees.

■ This court's finding of a violation of a condition of supervised release was not, and is not, predicated upon the outcome of any local or state court proceedings. The state courts that dismissed or nolle prossed the three charges are separate sovereigns, and were operating under a burden of proof requiring guilt to be proved beyond a reasonable doubt.[4] A federal district court, by contrast, need only find a violation of a condition of supervised release by a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3) (1994); *United States v. Copley,* 978 F.2d 829, 831 (4th Cir.1992); and actual conviction is not necessary. *See United States v. Armstrong,* 30 F.Supp.2d 901, 902, 907 (E.D.Va.1998), *aff'd,* 187 F.3d 392 (4th Cir. 1999); *United States v. Graham,* No. 94–5922, 1995 WL 490271, at *2 (4th Cir. Aug.17, 1995) (unpublished) (proof by a preponderance of the evidence is required, "a criminal conviction is not necessary"). This court's findings of fact were neither based, nor dependent on, defendant's state court criminal convictions. Instead, the court rendered independent findings based on a preponderance of the credible evidence presented at the April 17, 2000, hearing. The court is still persuaded, for the reasons articulated from the bench on April 17, that the United States proved the occurrence of each of the violations by a preponderance of the evidence and the court's findings of fact remain unchanged.

3. Defendant submitted certified copies of these orders with his reply brief. The suspended license charge was dismissed by the City of Norfolk in Norfolk Circuit Court, and the state prosecutor entered a nolle prosequi *without prejudice* for the pending forgery and false statement charges. However, the forgery and false statement charges can clearly still be prosecuted in state court. The court cannot ascertain from the state court orders the reasons for the court actions, which may have been purely procedural with no substantive significance.

4. Moreover, the court does not know exactly why the charges against defendant were dismissed or nolle prossed. *See supra* note 3. Defendant does not claim that the charges were dismissed because there is conclusive evidence that he did not commit the crimes. The mere fact of dismissal, without more, does not alter the court's findings based on a preponderance of the evidence. Moreover, the forgery and false statements charges clearly can still be prosecuted in state court, given the nolle prosses without prejudice. *See supra* note 3.

The court did not hear evidence on the receiving stolen property charge in the addendum to the petition on violation of supervised release, because that charge was nolle prossed *before* the violation hearing on April 17, 2000. To the extent that defendant argues that this court's treatment of the stolen property charge should be dispositive of its treatment of the current dismissed or nolle prossed charges, the argument fails for two reasons. First, the court declined to take evidence on the stolen property charge because it had so many other equally serious violations to hear on April 17. Secondly, because the court took no evidence on the stolen property charges, the court made no findings on that charge based on a preponderance of the evidence. (Tr. Hr'g Violation Supervised Release at 106). In the case of the three other state law violations, the court took evidence and rendered findings based on a preponderance of the credible evidence, which findings of fact are not affected by the later dismissals or nolle prosses.

## 2. *Sentence*

Defendant also petitioned this court to reconsider the sentence imposed at the violation hearing, whether or not the court vacated its findings of fact regarding the three state charges. For the reasons set forth below, the court declines to modify defendant's sentence.

All six violations before the court at the April 17, 2000, hearing constituted Grade C violations of supervised release. *See* United States Sentencing Guidelines § 7B1.1(a)(2) [hereinafter Sentencing Guidelines] (A Grade C violation reflects "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision."). Upon a finding of a Grade C violation, a court may either revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. *See* Sentencing Guidelines § 7B1.3(a)(2). The court decided to revoke defendant's supervised release. Defendant does not challenge the court's decision to revoke; instead, defendant argues that his sentence should be reduced to a term within the *recommended* guideline range. The court disagrees.

▮ Although the guideline recommendation before this court was five to eleven months, *see* Sentencing Guidelines § 7B1.4(a),[5] Fourth Circuit authority is clear that Chapter 7 policy statements are non-binding in supervised release hearings. *See United States v. Davis,* 53 F.3d 638, 642 (4th Cir.1995). If a district court has considered the relevant factors, and the applicable policy statements, the court has the discretion to impose a sentence outside the ranges set forth in the Sentencing Guidelines, as long as the sentence is within the statutorily proscribed limits. *See id.* at 642–43. Defendant's sentence is within the statutorily proscribed limits.

Moreover, defendant has a protracted history with the court. The court, by Judge J. Calvitt Clarke, Jr., gave him a mid-range sentence after his initial conviction. (J. Order, Apr. 1, 1997, at 2). Then, in May, 1999, just over seven months after completing his term of incarceration, defendant came before Judge Clarke on seven violations of supervised release. Judge Clarke revoked defendant's supervised release and sentenced him to sixty days incarceration and continued him on supervised release for twenty-four months. However, even after having been given these benefits by Judge Clarke, both at sentencing and at his first violation hearing, as early as three months from the time he was released from his second term of incarceration, the defendant *again* began a pattern of failing to comply with the terms of his release. Defendant came before this court on April 17, 2000, on charges similar to those he was charged with for his first violation hearing: violations of state law, failure to pay restitution as directed by the probation officer, and failure to submit monthly supervision reports.

The court finds that this defendant has shown a flagrant disregard for the authority of this court, its officers, and its orders. Supervised release is a privilege which this defendant has twice abused. While the sentence in this case may rise above the non-binding guideline recommendation, it is within the applicable statutory limits, and is, thus, permitted by law. Finally, given defendant's repeated violations of supervised release, the court is of the opinion that he will not benefit from any further period of supervised release and that incarceration is not only legal, but necessary. The court has reconsidered defendant's sentence and, for the reasons articulated herein and from the bench, declines to alter it.[6]

---

5. The guideline is based on a Criminal History Category of III and a Grade C violation.

6. The court notes that even if the findings on the three state charges were in any way binding on this court, the sentence in the instant matter would remain unchanged. The three

### III. Conclusion

For the reasons stated above, the court **DENIES** defendant's motion for a new trial. The court has **RECONSIDERED** its findings of facts and sentence in light of the new information adduced by the defendant and finds no reasons either to alter its factual findings or its sentence in the instant matter. The courts' judgment of April 17, 2000, remains in effect.

The Clerk is DIRECTED to send a copy of this Opinion and Order to the Assistant United States Attorney and counsel for defendant.

IT IS SO ORDERED.

remaining charges, failure to pay restitution as directed by the probation officer, failure to submit monthly supervision reports as directed, and failure to follow the instructions of the probation officer, are all Grade C violations for which the court could, and would, revoke supervision and apply a term of imprisonment with the same non-binding guideline range as above. *See Sentencing Guide-* *lines* §§ 7B1.3(a)(2), 7B1.4(a); *see also United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). The frequency of the remaining violations and this defendant's repeated refusal over the year and a half of his supervised release to comply with the terms of his supervised release are extremely important factors to this court.