**UNITED STATES of America, Plaintiff/Respondent,**

v.

**Darnell WELCH, Defendant/Petitioner.**

**Nos. 3:90CR718, 3:01CV7347.**

United States District Court,
N.D. Ohio,
Western Division.

Sept. 4, 2001.

Darnell Welch, Milan, MI, plaintiff pro se.

Thomas A. Karol, Office of the United States Attorney, Toledo, OH, for United States of America.

## OPINION AND ORDER

JOHN W. POTTER, Senior District Judge.

This action is before the Court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, the government's response and petitioner's reply.

As an initial matter, the Court finds that the issues and claims are not complex or so substantial as to require an evidentiary hearing. Furthermore, the motion to va-

cate may be resolved from the record. *See Green v. United States,* 65 F.3d 546, 548 (6th Cir.1995); Rule 8 of the Rules Governing § 2255 Proceedings.

While petitioner has filed a motion under 28 U.S.C. § 2255, his alleged bases for relief are Fed.R.Crim.P. 33, new trial, and/or Fed .R.Civ.P. 60(b), reconsideration. His argument for relief under either rule is premised on "newly discovered evidence."

A short history of the events that leads to the matter at issue is as follows. After a guilty plea to Count 1, bank robbery, and Count 2, use of a firearm in the commission of a violent felony, Judge Don J. Young sentenced petitioner, on December 14, 1990, to 33 months imprisonment on Count 1 and 60 months imprisonment consecutively on Count 2. Three years of supervised release was also imposed.

On March 29, 1994, Judge Young denied petitioner's motion to vacate his sentence. On November 3, 1995, petitioner's second motion to vacate, set aside or correct sentence was denied. Petitioner was placed on supervised release on February 7, 1997. On October 19, 1998, petitioner voluntarily waived his right to a hearing and agreed to a modification of his supervised release to include home confinement with electronic monitoring for 4 months. On May 5, 1999, after a revocation hearing where petitioner admitted the violations, his supervised release was revoked, and he was sentenced to the Bureau of Prisons for 4 months, to be followed by 2 years of supervised release. On October 19, 2000, after waiver of hearing, his supervised release was modified to include residence at a community corrections center for a period of 120 days.

On April 27, 2001, a violation report was filed charging a law violation on April 20, 2001 as follows:

**Law Violation**—Mr. Welch was charged with Domestic Violence in Tole-

do Municipal Court. A Warrant has been issued for his arrest.

**Program Failure**—Mr. Welch was discharged from the Ohio Link Community Corrections Center after failing to return to the facility.

Adjustment to Supervision.

At 4:30 AM on April 20, 2001, Mr. Welch's girlfriend, Brandy Jackson, arrived at Ohio Link and advised a staff member that she had been assaulted by Mr. Welch. Miss Jackson's lip was observed to be swollen and bruised. Mr. Welch subsequently phoned Ohio Link and advised that he would not be returning and that he would report to the probation office later that morning. He did not report as he had indicated.

As a result of this assault, he has been charged with Domestic Violence in Toledo Municipal Court and a Warrant has been issued with a Temporary Protection Order.

Mr. Welch had been cited with four serious program violations prior to the events described above. A discharge report form[sic] Ohio Link indicated that at various times he failed to follow his itinerary and left the facility earlier than authorized.

Violation Report, Doc. # 148

On May 10, 2001, a revocation hearing was held on the April, 2001 violations. Petitioner appeared represented by counsel. Petitioner was informed of the violations, domestic violence and failure to return to the Ohio Link Community Correction Center. The Court inquired if petitioner admitted the charges. The answer was, "I do admit to the violations."

The Court asked the district attorney to present the factual basis, showing the violations of the terms of supervision. The statement is as follows:

> MR. SECOR: Briefly, Your Honor, had this matter been contested we would have shown that approximately—well on April 20, 2001 Mr. Welch had an altercation with his girlfriend. As a result, she suffered some injuries to her mouth area. Additionally we would have shown that on that day he was to return to—I believe it was Ohio Link, and he failed to do so.

Hearing Tr. p. 3. Mr. Welch and his counsel were permitted to be heard concerning whether supervision should be revoked or not. The U.S. Attorney and the probation officer were also given an opportunity to be heard. The Court then found by a preponderance of the evidence that defendant had violated the terms of his supervised release. Thereafter, the Court asked if Mr. Welch and his counsel and the government attorney had anything to say as allocution. None was forthcoming, and the Court proceeded to sentence Mr. Welch to a period of 6 months in the Bureau of Prisons without any additional period of supervised release to follow.

It is petitioner's contention that his current charge of domestic violence was dismissed by the Toledo Municipal Court on June 20, 2001, and this "new evidence" is cause for this Court to reduce or correct his current sentence to time served or, in the alternative, to time served with some additional supervision.

■ The Court first considers the claim under Rule 33.[1] First, there is some ques-

---

1. On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require. If trial was by the court without a jury, the court may—on defendant's motion for new trial—vacate the judgment, take additional testimony, and direct the entry of a new judgment. A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty. But if an appeal is pending, the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds may be made only within 7 days after the

tion as to whether Rule 33 is available for a sentence given for a supervised release violation. *See United States v. Yancey*, 100 F.Supp.2d 378, 380 (E.D.Va.2000). Moreover, there is no newly discovered evidence. Newly discovered evidence must pertain to facts which existed at the time of trial, not later events. *See Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 135 (6th Cir.1990); *United States v. Lafayette*, 983 F.2d 1102, 1105 (C.A.D.C. 1993); and Moore's Federal Practice 3D Vol. 12 ¶ 60.81[4]. Petitioner is not entitled to relief under Rule 33.

■ In petitioner's reply, he asserts that the "newly discovered evidence," i.e. the dismissal of the domestic violence charge, supports a motion for reconsideration. Such a motion pursuant to 28 U.S.C. § 2255 may be treated as a Fed.R.Civ.P. 59(e) motion or a Fed .R.Civ.P. 60(b) motion, depending on when filed. See 16 Fed.Proc.L.Ed § 41.517. Presumably, petitioner's motion is made pursuant to Rule 60(b).[2] This claim must fail because, as the Court has previously ruled, the dismissal was not new evidence. If petitioner is arguing equitable reasons or any other reason justifying relief, these reasons must fail. Petitioner, no stranger to domestic violence charges having twice before been so charged, admitted the violation. The revocation was not based on the outcome of a state case, but on the evidence presented at the revocation hearing. *See Yancey* as follows:

This court's finding of a violation of a condition of supervised release was not, and is not, predicated upon the outcome of any local or state court proceedings. The state courts that dismissed or nolle prossed the three charges are separate sovereigns, and were operating under a burden of proof requiring guilty to be proved beyond a reasonable doubt. A federal district court, by contrast, need only find a violation of a condition of supervised release by a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3) (1994); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir.1992); and actual conviction is not necessary. *See United States v. Armstrong*, 30 F.Supp.2d 901, 902, 907 (E.D.Va.1998), *aff'd*, 187 F.3d 392 (4th Cir.1999); *United States v. Graham*, No. 94–5922, 1995 WL 490271, at *2 (4th Cir. Aug.17, 1995) (unpublished) (proof by a preponderance of the evidence is required, "a criminal conviction is not necessary"). This court's findings of fact were neither based, nor dependent on, defendant's state court criminal convictions. Instead, the court rendered independent findings based on a preponderance of the credible evidence presented at the April 27, 2000, hearing.

*Yancey*, 100 F.Supp.2d at 381. See also *Amaya v. Beto* 424 F.2d 363, 364, (5th Cir.1970), as follows:

The appellant maintains that the state courts were required to find him guilty

verdict or finding of guilty or within such further time as the court may fix during the 7–day period.

**2.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under

Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reasons justifying relief from the operation of the judgment.

of the burglary he allegedly committed while on probation before it could revoke his probation.

The district court noted that conviction of an offense is neither a Texas nor a constitutional prerequisite to revocation. We emphasize that that principle, as enunciated in *Seymore v. Beto,* 383 F.2d 384 (5th Cir.1967), is still viable, and is applicable even though the charge upon which the revocation was based was subsequently dismissed, as was the case in *Seymore.* The appellant's guilt of the offense charged need not be proved beyond a reasonable doubt before probation may properly be revoked, *United States v. Nagelberg,* 413 F.2d 708, 709 (2nd Cir.1969), because "a revocation proceeding is not the trial of a criminal case." *United States v. Sutton,* 421 F.2d 1394 (5th Cir., Feb.2, 1970); *Broadus v. United States,* 317 F.2d 212 (5th Cir.), *cert. denied,* 375 U.S. 829, 84 S.Ct. 74, 11 L.Ed.2d 61 (1963). Revocation is a matter within the discretion of the trial court, and in both the federal and Texas courts, the trial judge's determination will not be disturbed unless there was a clear abuse of discretion. *United States v. Knight,* 413 F.2d 445 (5th Cir.1969); *Seymore v. Beto,* supra. *See also United States v. Chambers,* 429 F.2d 410 (3rd Cir.1970). Petitioner was given a full and fair hearing at which time, with counsel present, he admitted the violations.[3] Subsequent events in the Toledo Municipal Court do not warrant reconsideration of this Court's sentence.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that the motion to vacate, set aside, or correct sentence be, and hereby is, DENIED; and it is

FURTHER ORDERED that petitioner is denied a certificate of appealability; and it is

FURTHER ORDERED that petitioner is denied leave to file an appeal in forma pauperis.

---

**3.** The United States Attorney's observation that petitioner's release revocation was also predicated on his discharge from the Ohio Link Community Correction Center is well taken.