**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Jerald Lee EVERS, Defendant-Appellant.**

**No. 75–3996.**

United States Court of Appeals,
Fifth Circuit.

July 12, 1976.

Harry Lee Hudspeth, El Paso, Tex., for defendant-appellant.

John E. Clark, U. S. Atty., San Antonio, Tex., Stanley M. Serwatka, William B. Hardie, Jr., Asst. U. S. Attys., El Paso, Tex., for plaintiff-appellee.

Before TUTTLE, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal by Jerald Lee Evers from a judgment below ordering revocation of probation and resentence of defendant to a term of five years' imprisonment.

On September 17, 1974, Evers pled guilty in the United States District Court for the District of Kansas to a charge of interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312. Evers appeared for sentencing on November 20, 1974, and the District Court found that defendant was then 22 years of age at the date of conviction and, pursuant to the Young Adult Offenders Act, 18 U.S.C. § 4209,[1] suspended the imposition of sentence and placed defendant on probation under the provisions of 18 U.S.C. § 5010(a)[2] for a period of two years. Probation was made subject to the conditions that Evers obey all local, state and federal laws and that he comply with the rules and regulations of the Probation Department.

Four days after imposition of sentence was suspended by the District Court in Kansas, Evers was arrested for possession of marijuana in El Paso, Texas. Thereafter, jurisdiction of the probationer Evers was transferred pursuant to 18 U.S.C. § 3653[3] from the District of Kansas to the Western District of Texas (El Paso) and the Government moved to revoke Evers' probation based on his arrest for possession of

marijuana. Hearings were conducted in the District Court at which the United States offered the testimony of government agents and no evidence or testimony was introduced by the probationer Evers. At the conclusion of the hearing the District Judge revoked probation and sentenced defendant to a term of five years' imprisonment.

## I.

Appellant Evers asserts that he was denied due process of law under the rationale of *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), because the motion for revocation failed to give adequate written notice of the claimed violation. The Government's motion for revocation reads as follows:

Comes now the United States Attorney for the Western District of Texas, and moves the Court to revoke probation granted by virtue of judgment dated November 22, 1974 (sic), certified copy of which judgment is attached hereto and made a part hereof, and as reason for

1. 18 U.S.C. § 4209 reads as follows:

   In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such Act.

2. 18 U.S.C. § 5010(a) reads as follows:

   (a) If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

3. 18 U.S.C. § 3653 reads, in part, as follows:

   . . . . .

   Whenever during the period of his probation, a probationer heretofore or hereafter placed on probation, goes from the district in

which he is being supervised to another district, jurisdiction over him may be transferred, in the discretion of the court, from the court for the district from which he goes to the court for the other district, with the concurrence of the latter court. Thereupon the court for the district to which jurisdiction is transferred shall have all power with respect to the probationer that was previously possessed by the court for the district from which the transfer is made, except that the period of probation shall not be changed without the consent of the sentencing court. This process under the same conditions may be repeated whenever during the period of his probation the probationer goes from the district in which he is being supervised to another district.

   . . . . .

   As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

said motion would show the Court the following:

1. Arrest and possession of marihuana on November 24, 1974.

Appellant concedes that the proceeding to revoke probation is not a criminal prosecution but contends that proper notice must be specific and set forth the alleged misconduct with particularity, citing *In re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967). It is definite that one of the conditions of probation stated in the District Court's original judgment is that Evers must "obey all local, state and federal laws." The motion to revoke probation states in clear and unequivocal language that the basis of revocation is "Arrest and possession of marihuana on November 24, 1974." We hold that the notice was adequate for purposes of the hearing.

■ A revocation hearing need not be as rigid or as formal as a criminal trial either with respect to notice or specification of charges, fairness of the proceedings being the prime factor. *Burns v. United States*, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932). The District Judge considered the defendant's claim of inadequate notice but decided, adversely to him, that the notice given was sufficient. We find that there was no abuse of discretion under the circumstances.

## II.

■ Appellant Evers also contends that the evidence was insufficient to prove that defendant violated any condition of his probation. The District Court, of course, ruled adversely to Evers in this regard by his judgment of revocation of probation.

Probation revocation is committed to the sound discretion of the District Court and should be overturned only on a clear showing of abuse of discretion. See *Pickens v. Texas*, 5 Cir., 1974, 497 F.2d 981, 982; *United States v. Clanton*, 5 Cir., 1969, 419 F.2d 1304, 1305–1306; *Burns v. United States*, 287 U.S. 216, 221, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932). In a recent case this Court pointed out that "revocation of probation

does not require proof sufficient to sustain a criminal conviction. All that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of the probation." *United States v. Garza*, 5 Cir., 1973, 484 F.2d 88, 89. *See also Manning v. United States*, 5 Cir., 1947, 161 F.2d 827, 829; *United States v. Clanton, supra.*

The Government's evidence at the revocation proceeding showed that the government agent received information from a confidential informant that Evers and a female companion were staying in Room 115 of the Caballero Motel in El Paso and that they had a 1974 Ford sedan with a Texas registration loaded with a large quantity of marijuana in its trunk. Surveillance was established on the motel on November 23 and 24. The motel records disclosed that the registrants in Room 115 were listed as Mr. and Mrs. Conrad Crafft, Asheville, North Carolina. The vehicle was parked directly in front of Room 115 of the motel. On November 24, a government agent observed two individuals (Evers and a female later identified as Adelle White), who came out of the room, went to the Ford automobile, opened the trunk, and removed two or three suitcases from the trunk into the motel room. A search warrant was obtained by the agents and executed on the vehicle in which Evers and the female companion were driving as they proceeded in the direction of the El Paso International Airport, having been observed by an agent leaving the motel in the vehicle. Three suitcases were found in the car containing a total of 105 pounds of marijuana. Evers was in possession of a driver's license with his picture thereon but his name being shown under the alias of Marc Conrad Krafft. According to testimony of one of the DEA agents, Evers stated to him after his arrest, in part, as follows:

He also asked me if we considered this a very big case. He asked me how long we had been watching them, and also he asked me how we had found out about this particular occurrence.

Under the circumstances and in view of the standard of proof required in probation revocation proceedings, the evidence was sufficient to sustain the revocation.

### III.

Finally, appellant Evers contends that the District Court erred in refusing after revocation to impose sentence under the Youth Corrections Act. Appellant refers to the finding of the District Judge in the District of Kansas when suspension of sentence was granted and the District Court there found that the defendant, then 22 years of age, was suitable for handling under the Federal Youth Corrections Act as a young adult offender.

However, that finding is not binding on the District Judge of the Western District of Texas to whom the case was transferred from the District of Kansas. New circumstances in the marijuana possession arrest which occurred only four days after Evers received a suspended sentence initially, fully warranted the court in making a new determination. When the District Court revokes probation it may impose any sentence which might have been imposed at the time of original sentencing. 18 U.S.C. § 3653 (*see* n. 3 *supra*); *see also Baber v. United States,* 5 Cir., 1966, 368 F.2d 463, 465; *Smith v. United States,* 5 Cir., 1974, 505 F.2d 893, 894–896. There is, therefore, no merit to this contention.

AFFIRMED.