IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-51002
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL JOE RICHARDSON, also known as Michael Richardson

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-56-ALL

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael Joe Richardson appeals the district court's revocation of his probation. He argues that the district court plainly erred in treating an arrest as a violation of probation. Richardson asserts that his substantial rights were affected "because he was sent to prison on a finding of a mere arrest." He further asserts that the error was not harmless because it is unclear from the record that the district court would have revoked his probation based solely on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allegation three, a mere technical violation. Richardson requests this court to find that allegation one, the arrest for the theft by check charge, does not constitute a violation of probation. If this court so finds, he further requests that this court remand his case for a determination of whether the district court would have revoked his probation based solely on allegation three.

The district court may revoke a defendant's probation if it finds that the defendant violated a condition of the probation by a preponderance of the evidence. See United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996). This court generally reviews the district court's decision for an abuse of discretion. Id. When, as here, the defendant does not raise any objections to the revocation proceeding in the district court, review of any potential claims raised in connection with the proceeding is for plain error. See United States v. Byrd, 116 F.3d 770, 772 (5th Cir. 1997); see also United States v. Magwood, 445 F.3d 826, 828 (5th Cir. 2006) (supervised release revocation). To establish plain error, Richardson must show: (1) error; (2) that is clear or plain; (3) that affects his substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

The judgment states that a mandatory condition of Richardson's probation was that he "shall not commit another federal, state, or local crime." At the hearing the district court heard testimony from Richardson's probation officer regarding the arrest for theft by check. According to the probation officer, on August 30, 2005, Richardson wrote a "hot check" for $48.00 to HEB. The probation officer stated that Richardson admitted to writing the check. At the conclusion of the hearing, the district court found the allegation regarding the arrest to be "true." The district court did not plainly err or abuse its discretion in revoking Richardson's probation based on his arrest for theft by check. See United States v. Evers, 534 F.2d 1186, 1188 (5th Cir. 1976). Accordingly, the judgment of the district court is AFFIRMED.