[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14505
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00101-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY C. JONES,
a.k.a. Suicide,
a.k.a. Jay,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 6, 2009)

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Jeremy C. Jones appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels for crack cocaine offenses. In 2003, Jones pled guilty to one count of possession with intent to distribute cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1). Jones's Guidelines offense level was initially calculated at 32 based on the amount of cocaine base involved, pursuant to U.S.S.G. § 2D1.1. Jones, however, qualified as a career offender under U.S.S.G. § 4B1.1, and an offense level of 37 applied because the statutory maximum for the offense was life imprisonment. The district court denied the instant motion for sentence reduction, finding Amendment 706 did not affect Jones's sentencing range because it was ultimately calculated based on the career offender provision and not the crack cocaine guideline.

We review for an abuse of discretion a district court's decision whether to reduce a sentence based on a subsequent change in the Sentencing Guidelines. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). We review *de novo* the district court's legal conclusions and questions of statutory interpretation in a § 3582(c)(2) proceeding. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S. Ct. 965 (2009)

In *Moore*, this Court addressed whether a defendant sentenced pursuant to

2

the career offender guideline is eligible for sentence reduction based on Amendment 706. *Id.* at 1327. There, the defendants' offense levels were initially calculated based on the amount of crack cocaine involved. *Id*. at 1325. The defendants, however, were ultimately sentenced as career offenders under § 4B1.1, which was not affected by Amendment 706. *Id.* We affirmed the denials of their motions for sentence modification, holding, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Id.* at 1330; *see also* U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . [a retroactive amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision[.]").

Here, as in *Moore*, Jones was sentenced based on a range that was determined by application of the career offender provision. The offense level that would have applied under § 2D1.1, based on the amount of crack cocaine involved, ultimately played no role in his sentence. Because Amendment 706 "does not

3

alter the sentencing range upon which his . . . sentence was based," Jones is ineligible for sentence reduction. *See Moore*, 541 F.3d at 1330. Accordingly, we affirm the denial of his § 3582(c)(2) motion.

**AFFIRMED.**