[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14791
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00109-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL LEVITAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 8, 2010)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Daniel Levitan appeals from a judgment revoking his supervised release.  He

was convicted in 1995 of one count of conspiracy to launder money, in violation of 18 U.S.C. § 371, and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B). Levitan was sentenced to 155 months imprisonment, to be followed by a three-year term of supervised release.

In May 2009 the probation officer filed a petition for a summons in the district court, alleging that Levitan had violated a condition of his supervised release by committing state crimes. Following a revocation hearing, the district court revoked Levitan's supervised release and sentenced him to a term of 24 months imprisonment. Levitan contends that he was deprived of his right to due process because he was not given adequate notice of the allegations and because the district court failed to make adequate factual findings as to why it was revoking his supervised release.

We review issues that were not raised before the district court only for plain error. United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993). To establish plain error, Levitan must prove: (1) error; (2) that is plain; and (3) that affects substantial rights. Id. We will correct such an error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736, 113 S. Ct. at 1779.

The Supreme Court has held that a defendant facing revocation of parole is

2

entitled to certain minimal due process protections, including: (1) written notice of the claimed violations; (2) disclosure of the evidence against him; (3) an opportunity to be heard in person, and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." Morrissey v. Brewer, 408 U.S. 471, 488–89, 92 S. Ct. 2593, 2604 (1972). We have held that the Morrissey requirements also apply to the revocation of supervised release, United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994), and these protections have been incorporated into Fed.R.Crim.P. 32.1, see United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994).

In Morrisey, the Supreme Court indicated that the factfinder must provide a written statement of the "evidence relied on and the reasons for revoking parole." Morrissey, 408 U.S. at 489, 92 S. Ct. at 2604. Nevertheless, with respect to the revocation of supervised release, we have concluded that oral findings are sufficient to satisfy due process if those findings "create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon." Copeland, 20 F.3d at 414. We have suggested that "general conclusory reasons"

3

for revoking supervised release do not satisfy this due process requirement. See

United States v. Lacey, 648 F.2d 441, 445 (5th Cir. Unit A June 1981) (addressing

revocation of probation).[1]

Levitan contends that the petition failed to provide him adequate notice of

the claimed violations because it did not cite any specific Florida statutes.

However, this court has never established a per se rule that a petition must cite the

relevant statute. See United States v. Evers, 534 F.2d 1186, 1188 (5th Cir. 1976)

(holding that a petition stating that the basis of revocation was "Arrest and

possession of marihuana on November 24, 1974" provided adequate notice of the

government's allegations); see also United States v. McNeil, 415 F.3d 273, 276 (2d

Cir. 2005) ("[D]espite the lack of citation to a statute in the charging document

here, the phrase 'possession of cocaine base' gave adequate notice of the elements

of the offense charged.").

In this case, Levitan received adequate written notice of the asserted

violation of his supervised release. The state law violations being charged were

evident from the petition, which asserted that Levitan had been charged in Florida

state court with one count of grand theft and one count of stopping payment on a

check with intent to defraud. The petition summarized the facts underlying those

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

charges. The probation officer also provided Levitan with a violation of supervised release packet, and one of the state court documents in that packet indicated that Levitan was alleged to have violated Fla. Stat. §§ 812.014(2)(b) and 832.041. That notice provided Levitan with all the process that he was due. See United States v. Sesma-Hernandez, 219 F.3d 859, 860 (9th Cir. 2000) (holding that notice was "plainly sufficient" where the defendant "was not only told the title of the charge, but was specifically referred to the state court complaint, which clearly set forth the state code section and the particular part of it violated"). Because Levitan was provided with sufficient written notice of the alleged violation of supervised release, he cannot show error, much less plain error.

Levitan also contends that the district court did not adequately explain the reasons why it was revoking his supervised release. We disagree. At the revocation hearing, each side set forth a competing version of the facts. The government's witnesses testified that Levitan had submitted two bad checks to Total Employee Leasing ("TEL"), a company that handled payroll matters on behalf of Finnegan's Irish Wake, a restaurant managed by Levitan. These witnesses also asserted that Levitan had stopped payment on a third check. The government's position was that Levitan had intended to defraud TEL. In contrast, Levitan maintained that TEL had agreed to accept two post-dated checks, and that

5

the third check was supposed to be held by TEL as a promissory note, rather than deposited.  As the prosecution recognized, the district court "ha[d] to make a credibility determination [because] there are two diametrically opposed positions." In its findings, the district made it clear that it did not consider Levitan's version of the facts to be credible, especially given Levitan's history of fraud-related convictions.  Instead of merely providing "general conclusory reasons" for its decision, Lacey, 648 F.2d at 445, the district court specifically acknowledged and responded to Levitan's arguments that:  TEL had agreed to extend him $60,000 of credit; he only stopped payment because he thought TEL was about to violate their agreement; and his check stub established the delivery date of the third check. Because the district court's findings created an adequate record as to the evidence that the court relied upon and the reasons why it revoked Levitan's supervised release, the court's findings satisfied the requirements of due process.  See Copeland, 20 F.3d at 415.  Again, there was no error, let alone plain error.

Finally, we note that the district court indicated at the revocation hearing that it was imposing sentences of 24 months imprisonment "as to each of counts one and two."  We construe the court's statement regarding two counts as referring solely to the fact that it was revoking Levitan's supervised release on both of his original counts of conviction.  Our understanding is confirmed by the written

6

judgment, which sentences Levitan to 24 months imprisonment for a single violation of the conditions of his supervised release. Levitan has not cited, and we have not found, anything in the record to suggest that the district court mistakenly considered allegations of tax evasion that the government had filed in an amended petition but expressly abandoned before the revocation hearing. With that understanding, we affirm.

**AFFIRMED.**