[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14713
Non-Argument Calendar
_____

D.C. Docket No. 8:05-cr-00011-RAL-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERESA SULLIVAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 20, 2013)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Teresa Sullivan appeals her sentence of 10 months of imprisonment

following the revocation of her supervised release.  Sullivan argues, for the first

time on appeal, that the district court erred by issuing a summons to appear at a

revocation hearing based on a report by a probation officer instead of a petition filed by the United States and that she did not receive adequate notice of the alleged violations of her supervised release. We affirm.

We review for plain error objections to the revocation of supervised release not made in the district court. See United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). Under that standard, a defendant must prove that the alleged error is plain and affected the defendant's substantial rights. Id. "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde–Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

The district court did not err, plainly or otherwise, by issuing a summons to Sullivan based on a report by her probation officer that she had committed new offenses. The probation officer had a duty to notify the district court that Sullivan had violated the terms of her supervised release by committing a new offense. See 18 U.S.C. § 3603(2), (8)(B), (10). And based on that report, the district court had the authority to issue the summons. See United States v. Feinberg, 631 F.2d 388, 391 (5th Cir. 1980) ("Whenever the district court having jurisdiction over a probationer acquires knowledge from any source that a violation of the conditions

2

of probation may have occurred, the court may then on its own volition inquire into the matter . . . .").

Sullivan received adequate notice of the grounds for revoking her supervised release. Sullivan received a copy of the report by the probation officer. See Morrissey v. Brewer, 408 U.S. 471, 486–87, 92 S. Ct. 2593, 2603 (1972). That report stated that Sullivan had committed two new offenses of "Uttering Forged Bills, Checks, Drafts, or Notes . . . on July 9, 2011," and of "Attempted Grand Theft . . . on July 9, 2011." Sullivan complains that the report failed to cite the state statutes that she allegedly violated, but those citations were unnecessary to provide her adequate notice. See United States v. Evers, 534 F.2d 1186, 1188 (5th Cir. 1976) (holding that a petition stating that the basis of revocation was "Arrest and possession of marihuana on November 24, 1974" provided adequate notice). The probation officer's report stated that Florida authorities had charged Sullivan with criminal offenses in two cases, and Sullivan admitted to the district court that she understood the charges against her. Again, the district court committed no error, plain or otherwise.

We **AFFIRM** the revocation of Sullivan's supervised release.