**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roberto GUTIERREZ, Defendant–Appellant.**

**No. 15–12736**
**Non–Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Feb. 26, 2016.

Yvette Rhodes, Arthur Lee Bentley, III, Walter Eugene Furr, III, Thomas Nelson Palermo, U.S. Attorney's Office, Tampa, FL, Plaintiff–Appellee.

Charles M. Britt, III, Law Office of Charles M. Britt, III, Defendant–Appellant.

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

On February 4, 2000, Roberto Gutierrez, having pled guilty in the Southern District of Texas to possession of marijuana with intent to distribute, 21 U.S.C. § 841(a), was sentenced to a prison term of 156 months and a three-year's term of supervised release. On February 17, 2011, following his release from prison, the supervision of Gutierrez's supervised release was transferred to the Middle District of Florida. .

The terms of Gutierrez's supervised release were that (1) he could not commit another crime; (2) he could not possess a controlled substance; (3) and he had to submit a truthful report to his probation officer within the first five days of each month. On February 11, 2014, Gutierrez's probation officer petitioned the district court pursuant to 18 U.S.C. § 3583(e)(3) for a warrant for his arrest on the grounds, among others, that he had been arrested by the Hillsborough Sheriff's Office for possession of heroin, his urinalysis testing was positive for cocaine and opiates, and he had possessed narcotics paraphernalia. The district court granted the probation officer's petition. At the evidentiary hearing that followed, the court found that Guitierrez had violated the conditions of his supervised release, evoked the release and sentenced him to prison for a term of 24 months. Guiterrez appeals the district court's decision.[1]

I.

■ Gutierrez's first argument is that the probation officer's petition for an arrest warrant failed to provide him with adequate notice of the statutory provisions that he had violated, thereby violating his Fifth Amendment Due Process rights. Gutierrez was entitled to the same due process that is provided in parole-revocation proceedings. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir.1994). Such

---

1. We review the district court's decision to revoke Gutierrez's supervised release for abuse of discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir.2008). We accept the court's factual findings unless they are clearly erroneous. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir.1993).

process includes a written notice specifying the condition(s) of supervised release allegedly violated. *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). Relevant here is our decision in *United States v. Evers*. There we held that that a petition stating that it was based on the defendant's arrest for "possession of marihuana on November 24, 1974" provided adequate notice. 534 F.2d 1186, 1188 (5th Cir.1976).

We review Gutierrez's due process argument for plain error because he did not present it to the district court in the first instance. *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir.2003).[2] We find no plain error much less error. Gutierrez received adequate written notice of his arrest for possession of heroin, when the arrest occurred, and the case number of the state-court case that resulted. *See Evers*, 534 F.2d at 1188. Although Gutierrez's petition did not include a reference to a specific statute, no precedent, binding or otherwise, has established that a supervised-release revocation petition must cite the statute authorizing it. *See id.* In sum, the probation officer's petition satisfied Gutierrez's due process rights.

## II.

■ Gutierrez's second argument is that the evidence that he possessed heroin (as alleged by the deputies of the Hillsborough County Sheriff's office) was insufficient to support the petition's charge because the government failed to show that he had control over the narcotics paraphernalia that was found in his car. The precise question is whether the evidence was suffi-

cient for the court to find "by a preponderance of evidence" that he had "violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

Possession of a controlled substance can be shown by either actual or constructive possession. *United States v. Leonard*, 138 F.3d 906, 909 (11th Cir.1998). To prove actual possession, the evidence must show that the defendant either had physical possession of or personal dominion over the thing allegedly possessed. *Id.* In *Leonard*, we held that the evidence was sufficient to show that one of the defendants had personal dominion over cocaine where he was the driver of a vehicle and knew cocaine was in the vehicle. *Id.*

The testimony at the revocation hearing established that the arresting officers found heroin in a vehicle in which Gutierrez was the sole occupant. Moreover, he admitted knowing that heroin was there. Gutierrez's second argument accordingly fails.

## III.

■ Gutierrez's third argument, which he presents for the first time on appeal, is that he did not violate the terms of his supervised release by failing to submit his monthly report to the probation officer because the officer waived the condition to report by excusing his failure to submit the monthly report on numerous prior occasions.

Under the plain error standard, Gutierrez's argument lacks merit because he identifies no authority from this court or the Supreme Court in support of his contract-waiver theory. *See United States v.*

---

**2.** Under plain-error review, we will correct an error when an error was plain, affected the defendant's substantial rights, and seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732–36, 113

S.Ct. 1770, 1777–79, 123 L.Ed.2d 508 (1993). There can be no plain error where there is no precedent from the Supreme Court or our Court directly resolving an issue. *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir.2006).

*Castro,* 455 F.3d 1249, 1253 (11th Cir.2006) (providing that an error cannot be plain if it is not clear under current law, in that there is no binding precedent from this court or the Supreme Court).

## IV.

Finally, Gutierrez argues that the district court should have treated his violations of the conditions of his supervised release as Grade C violations and sentenced him to a lower term of incarceration. He failed to present this argument to the district court, so we review it for plain error. *See United States v. Parrish,* 427 F.3d 1345, 1348 (11th Cir.2005).

Chapter 7 of the Sentencing Guidelines governs the sentencing proceedings following a revocation of supervised release. *United States v. Silva,* 443 F.3d 795, 799 (11th Cir.2006). Where a defendant violates more than one condition of supervision, the grade of the violation is the most serious grade. U.S.S.G. § 7B1.1(b). Conduct that constitutes a crime punishable by a term of imprisonment exceeding one year is a Grade B violation. *Id.* § 7B1.1(a)(2). Conduct constituting a crime punishable by a term of one year or less of imprisonment, or a violation of any other condition of supervised release, is a Grade C violation. *Id.* § 7B1.1(a)(3). A defendant's guideline range is generally determined based on the grade of the condition of release violated and the defendant's underlying criminal history category. *Id.* § 7B1.4(a). Under Florida law, possession of heroin is a third-degree felony, punishable by a term of imprisonment exceeding one year. *See* Fla. Stat. §§ 893.13(6)(a), 893.135(1)(c)(1).

Because the district court did not clearly err in determining that Gutierrez pos-sessed heroin, it did not plainly err by sentencing him for a Grade B violation.

**AFFIRMED.**