[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12217
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00101-TFM-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY C. JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 8, 2020)

Before GRANT, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeremy Jones was convicted of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a 262-month term of imprisonment and a 5 years term of supervised release. On appeal, we affirmed his sentence. United States v. Jones, 322 F. App'x 754, 755 (11th Cir. 2009). Following the passage of the First Step Act of 2018, Pub. L. No. 115-391, the district court resentenced Jones, reducing his sentence to time served, but maintaining the 5-year term of supervised release. Jones was released from prison and his term of supervised release began. Shortly thereafter, however, the district court held a hearing based on Jones's alleged violation of the terms of his release. Jones admitted the violations and the district court revoked his supervised release, sentencing him to a 14-month prison term and another 5-year term of supervised release. On appeal, Jones argues that (1) the district court erred by failing to disclose to him the evidence upon which it relied at sentencing and (2) his sentence was both procedurally and substantively unreasonable. For the reasons that follow, we affirm on both grounds.

## I.

Jones's first argument is that the district court violated both his due process rights and Federal Rule of Criminal Procedure 32.1 when it considered information from a probation officer's ex parte communication about his behavior in determining his sentence. We ordinarily review de novo "the legality of a

sentence, including a sentence imposed pursuant to revocation of a term of supervised release" and constitutional challenges to a sentence.  United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005); United States v. Pla, 345 F.3d 1312, 1313 (11th Cir. 2003).  However, we review for plain error where, as here, a defendant failed to object in the district court to a sentencing error or a constitutional violation.  See United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014); United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005).  Under that standard, if an error is plain and affects substantial rights, we have the discretionary authority to provide relief if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  United States v. Olano, 507 U.S. 725, 732 (1993).  "Substantial rights are affected if there is a reasonable probability of a different result absent the error."  United States v. Hesser, 800 F.3d 1310, 1325 (11th Cir. 2015).  The defendant has the burden of proving that his substantial rights were prejudiced.  See Olano, 507 U.S. at 734, 741.  To satisfy the plain error rule, an asserted error must be clear from the plain meaning of a statute or constitutional provision, or from one of our holdings or a holding of the Supreme Court.  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

Under the Sentencing Guidelines: (1) a violation of a condition of supervision constitutes a Grade C violation; (2) a probation officer must report to

the court any Grade C violation that is part of a continuing pattern of violations; and (3) the district court may revoke a defendant's supervised release and sentence him to a term of imprisonment, extend the term of supervised release, or modify the conditions of supervision. See U.S.S.G. §§ 7B1.1(a)(3), 7B1.2(b), 7B1.3(a)–(b). Where a defendant fails to appear for drug testing, as required by the terms of his supervised release, it is mandatory for the district court to revoke his supervised release. See 18 U.S.C. § 3583(g).

Defendants in revocation hearings are entitled to due process protections, though these protections are not as encompassing as a criminal defendant would enjoy at trial. United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994); United States v. Evers, 534 F.2d 1186, 1188 (5th Cir. 1976). Among other things, a person facing the revocation of his supervised release is entitled to written notice of his alleged violations and disclosure of the evidence against him. Fed. R. Crim. P. 32.1(b)(2). However, "[a] revocation hearing need not be as rigid or as formal as a criminal trial either with respect to notice or specification of charges, fairness of the proceedings being the prime factor." Evers, 534 F.2d at 1188 (citing Burns v. United States, 287 U.S. 216, 221 (1932)). The Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing. Fed. R. Crim. P. 32.1(b)(2).

4

Generally, the district court is entitled to "wide latitude in the information [it] may receive in reaching its [sentencing] decision." See United States v. Taylor, 931 F.2d 842, 847 (11th Cir. 1991). "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Additionally, the "history and characteristics" of the defendant are among the factors that courts are required to consider when imposing a sentence. 18 U.S.C. § 3553(a)(1). "During sentencing, a district court may consider any information, including reliable hearsay, regardless of the information's admissibility at trial, provided that there are sufficient indicia of reliability to support its probable accuracy." United States v. Castellanos, 904 F.2d 1490, 1495 (11th Cir. 1990) (quotation and citation omitted). To show that the district court erred in considering hearsay, the defendant must show that the evidence is materially false or unreliable, or that it served as the basis for the sentence. See Taylor, 931 F.2d at 847.

A probation officer acts within the jurisdiction, and under the direction, of the district court. 18 U.S.C. § 3602(a); United States v. Bernardine, 237 F.3d 1279, 1283 (11th Cir. 2001). She acts as an "arm of the court," and is a liaison between the district court, which has supervisory power over the defendant's term

5

of supervised release, and the defendant. <u>Bernardine</u>, 237 F.3d at 1283. Accordingly, the probation officer should keep in mind that her role is of "the court's eyes and ears, a neutral information gatherer with loyalties to no one but the court." <u>United States v. Reyes</u>, 283 F.3d 446, 455 (11th Cir. 2002) (quotation marks omitted).

Jones's specific argument here is that, by failing to disclose to him the nature of the conversation that it had with Jones's probation officer, the district court violated Federal Rule of Criminal Procedure 32.1 and, accordingly, violated his procedural due process rights. There are several problems with this argument. For one, Jones waived his right to a revocation hearing, and with it, the procedural rights crystallized in Rule 32.1(b)(2), including the right to "disclosure of the evidence" against him. Rule 32.1(b)(2)(B) expressly grants a defendant the right, in the context of a revocation hearing, to a disclosure of "the evidence against the person." However, it is not clear that this right also applies in the different context of the sentencing hearing when the right to a revocation hearing has been waived, as in this case. In an analogous context, we previously held that Rule 32.1 does not incorporate all of the provisions of Rule 32. <u>See generally</u> <u>United States v. Frazier</u>, 283 F.3d 1242, 1245 (11th Cir. 2002), <u>vacated on other grounds</u>, 324 F.3d 1224 (11th Cir. 2003).

Moreover, Jones failed to object to the district court's consideration of its *ex parte* communication with the probation officer at the hearing itself—he *solely* objected on the grounds that the sentence was "substantively unreasonable." Though he now attempts to claim that he broadly objected to the reasonableness of the sentence, we think this argument is belied by the transcript of the hearing.  A blanket objection to the "reasonableness" of the sentence, bookended by objections that targeted the *substantive* reasonableness of the sentence, does not sufficiently object to its *procedural* reasonableness.  Moreover, even if we assume that Jones did satisfactorily object to the procedural reasonableness of his sentence, he certainly did not do so on the basis of the specific argument he makes to us now— namely, that the district court should have disclosed the conversation it had with Jones's probation officer.  Accordingly, plain error review applies.  See Vandergrift, 754 F.3d at 1307.  In the context of this highly deferential standard of review, Jones's argument here fails as a matter of law.  He cites no caselaw in support of his position, and "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  Lejarde-Rada, 319 F.3d at 1291.  Because the district court did not plainly err, we affirm as to this issue.

**II.**

7

Jones's second argument is that his sentence is procedurally and substantively unreasonable. We review sentences imposed upon revocation of supervised release for reasonableness under the deferential abuse of discretion standard. United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006). The party challenging the sentence has the burden of showing that the sentence is unreasonable in light of the record and the statutory factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). Where, however, a defendant fails to object to the procedural reasonableness of his sentence, we review for plain error. Vandergrift, 754 F.3d at 1307. Generally, arguments not presented in a party's initial brief are waived, see United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999), and "[a]rguments not raised in the district court are waived" on appeal. Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003).

When reviewing a sentence imposed upon revocation of supervised release for reasonableness, we first look at whether the district court committed any significant procedural error, like whether the court properly calculated the guideline range, treated the Guidelines as advisory, considered certain sentencing factors under § 3553(a), and did not rely on clearly erroneous facts. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We then look at whether the sentence is substantively reasonable under the totality of the circumstances. See Gall, 552 U.S. at 51.

The guideline range for a post-revocation sentence is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable during the defendant's original sentencing. United States v. Campbell, 473 F.3d 1345, 1348–49 (11th Cir. 2007); see also U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a). A Grade C violation for a defendant in criminal history category VI results in a guideline range of 8–14 month term of imprisonment. U.S.S.G. § 7B1.4(a).

A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, or fails to consider the § 3553(a) factors. Pugh, 515 F.3d at 1191–92. We will reverse only if we are left with the firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. United States v. Irey, 612 F.3d 1160, 1186 (11th Cir. 2010). While we have declined to adopt a presumption of reasonableness for sentences within the guidelines range, we have stated that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation marks omitted).

As an initial matter, we note that Jones waived the issue of his sentence's procedural reasonableness because he presented no arguments on it in his initial brief.  Moreover, he failed to object as to the sentence's procedural reasonableness at sentencing, solely focusing on its *substantive* reasonableness.

As to substantive reasonableness, we affirm.  Though Jones's sentence exceeded what the government sought, it still fell within the guidelines range and there is no indication that the district court selected it randomly or arbitrarily, which weighs in favor of a finding of reasonableness.  See Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009).  Further, though Jones renews his argument that the district court's *ex parte* communication with his probation officer was in error, the district court is entitled to consider a wide variety of information at sentencing, including the defendant's "background, character, and conduct."  18 U.S.C. § 3661.  Though we might normally expect, pursuant to Rule 32.1, that this information would be disclosed to a defendant at the revocation hearing, we cannot impose this requirement where, as here, a revocation hearing did not occur because the defendant waived his right to one.  Moreover, the district court revealed the gist of his conversation with the probation officer, and Jones evinced no surprise or uncertainty with regard to the details thereof, made no inquiry with regard thereto, and interposed no objection.

Additionally, we find it significant that Jones admitted to the conduct at issue, which included failing to report for drug-testing on numerous occasions. A defendant's revocation is mandatory under 18 U.S.C. § 3583(g)(3) when he "refuses to comply with drug testing imposed as a condition of supervised release." In a situation like this one, because revocation is *mandatory*, the district court was not required to consider the factors under 18 U.S.C. § 3553(a). See United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000), abrogated on other grounds by Tapia v. United States, 564 U.S. 319 (2011).

In sum, we conclude that Jones's sentence was substantively reasonable. It was within the guidelines range, the district court permissibly considered the information provided by the probation officer, and revocation was mandatory in any event, which obviated the district court's need to consider the § 3553 factors. Jones presents no persuasive arguments to the contrary.

**AFFIRMED.**