[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12161
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cr-00121-ALB-SRW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS JENKINS,
a.k.a. Stank,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 20, 2021)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Marcus Jenkins appeals the district court's revocation of his supervised

release under 18 U.S.C. § 3583(e) and above-guidelines sentence of 48 months'

imprisonment. Jenkins was subject to supervised release for conspiring to distribute and to possess with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He argues that the probation officer's initial petition did not adequately notify him of the charge against him because it incorrectly described a warrant for his arrest. He thus argues that the district court violated his due process rights in failing to dismiss the petition and allowing its amendment. Jenkins next argues that the district court abused its discretion in finding that he violated his supervised-release conditions because it erred in crediting a government witness's testimony to find that he committed third-degree domestic violence under Alabama law. Finally, he argues that the district court abused its discretion in sentencing him above the guideline range for his Grade C violation of the conditions of his supervised release. We address each argument in turn.

## I

We review questions of constitutional law *de novo*. *United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004). The Supreme Court has held that due process entitles a parolee to certain protections, including written notice of any claimed violations of parole prior to revocation. *Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972). We apply those protections to those in supervised release proceedings. *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994).

2

We have explained that a revocation hearing "need not be as rigid or as formal as a criminal trial either with respect to notice or specification of charges." *United States v. Evers*, 534 F.2d 1186, 1188 (5th Cir. 1976). We have accordingly held that a motion to revoke probation stating as its basis "arrest and possession of marihuana on November 24, 1974" provided adequate notice to the probationer given the district court's original judgment conditioning his probation on his obedience of all local, state, and federal laws. *Id.*

The district court did not violate Jenkins's due process rights because, despite misstating details about a warrant, the initial petition notified Jenkins that he was charged with violating the Code of Alabama by committing a crime, and the relevant condition of supervised release was that he not commit any federal, state, or local crime. Thus, the initial petition adequately notified Jenkins of the basis for his revocation and satisfied due process.

## II

A district court may revoke a term of supervised release on finding by a preponderance of the evidence that the defendant has violated a condition of that release and, after considering certain 18 U.S.C. § 3553(a) factors, may impose a term of imprisonment. 18 U.S.C. § 3583(e)(3). We review a district court's conclusion that a defendant violated the terms of his supervised release for abuse of discretion. *Copeland*, 20 F.3d at 413. We review a district court's findings of

3

fact in the supervised-release-revocation context for clear error. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).

Credibility determinations are typically the province of the factfinder, who personally observes the testimony and is thus better positioned to assess the witness's credibility. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). Accordingly, a district court's choice of whom to believe is conclusive "unless the judge credits *exceedingly* improbable testimony." *Id.* We "must accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *Id.*

Under Alabama law, a person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury. Ala. Code § 13A-6-23(a). A person who does so to someone with whom he has or had a dating relationship commits domestic violence in the third degree. *Id.* § 13A-6-132(a)(1).

The district court did not clearly err in crediting the victim's testimony here because she consistently testified that Jenkins was in a relationship with her, drove to the house where she was staying, and pointed a gun at her while she was standing in a doorway. The district court thus did not credit testimony that was exceedingly improbable and did not abuse its discretion in using it to find by a preponderance of the evidence that Jenkins committed third-degree domestic

4

violence, *i.e.*, menacing, under Alabama law. That finding established that Jenkins violated the condition of his supervised release that he not commit any state-law crime.

## III

We review the reasonableness of a district court's sentence on revocation of supervised release for abuse of discretion, using a two-step process. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). We first examine whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* at 936. We then examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the relevant § 3553(a) factors. *Id.*

On substantive review, we may vacate a sentence only if left with the definite and firm conviction that the district court clearly erred in weighing the relevant § 3553(a) factors. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). The district court must consider, as relevant here, the nature and circumstances of the offense, the defendant's history and characteristics, and the need for the sentence to protect the public from future criminal conduct. 18 U.S.C. § 3553(a)(1)-(2). The weight given to any § 3553(a) factor is a matter committed

5

to the discretion of the district court.  *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

A defendant whose supervised-release term is revoked under 18 U.S.C. § 3583(e)(3) may be required to serve a maximum of five years' imprisonment if the offense that caused the supervised-release term is a class-A felony.  18 U.S.C. § 3583(e)(3).  An offense is a class-A felony if the maximum term of imprisonment authorized is life.  *Id.* § 3559(a)(1).  The maximum penalty authorized for violating 21 U.S.C. § 841(a)(1) is life imprisonment.  21 U.S.C. § 841(b)(1)(A).

The Sentencing Guidelines provide that a supervised-release violation involving a federal, state, or local offense punishable by one year's imprisonment or less is a Grade C violation.  U.S.S.G. § 7B1.1(a)(3)(A).  A guideline range of 7 to 13 months' imprisonment applies to a Grade C supervised-release violation committed by an offender with a criminal history category of V.  *Id.* § 7B1.4(a). Alabama law provides that domestic violence in the third degree is a misdemeanor with a maximum penalty of one year's imprisonment.  Ala. Code §§ 13A-6-132(b), 13A-5-7(a)(1).

The district court did not commit any procedural error in sentencing Jenkins, as the record reflects that it correctly calculated the guideline range to be 7 to 13 months' imprisonment, did not treat the Guidelines as mandatory, considered the

6

appropriate § 3553(a) factors, and did not base its sentence on any clearly erroneous facts. Further, the record reflects that the district court adequately explained its chosen sentence.

Nor was Jenkins's 48-month sentence substantively unreasonable. Although the sentence exceeded the guideline range, the record reflects that the district court considered the appropriate factors in imposing it, including Jenkins's reverting to substance abuse so soon after release from prison, the need to protect the public from his association with drug providers, and the nature of his violation, which involved violence and a firearm. The weight the court gave those factors was committed to its discretion, and Jenkins's 48-month sentence was a year below the statutory maximum, which supports a finding that the sentence was substantively reasonable.

We accordingly **AFFIRM**.