[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10496

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN BENTON WOOD,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:22-cr-00014-CDL-MSH-1

————————————————

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

John Wood appeals the district court's order revoking his supervised release and sentencing him to twenty-one months' imprisonment. Wood first argues that the district court abused its discretion by revoking his supervised release based on his positive blood test for methamphetamine because that test alone was insufficient evidence that he had possessed methamphetamine. Next, he argues that the district court violated Federal Rule of Criminal Procedure 32.1(b)(2)(A) and his due process rights because the revocation petition failed to provide him with notice that his positive drug test for methamphetamine would be a basis for the court's revocation of his supervised release. After careful review, we affirm.

I.

The revocation petition alleges that Wood violated the conditions of his supervised release by having "committed the offenses of Driving under the Influence; Impeding Traffic; Drugs to be Kept in Original Container; Possession of Methamphetamine; and Possession of Drug Related Objects" in relation to a traffic stop. During that traffic stop an officer observed drug-related objects in plain view in Wood's car. A field test of the substance found in Wood's car tested positive for methamphetamine and fentanyl. The officer obtained consent to perform a blood draw. The result of Wood's blood test showed the presence of fentanyl, methamphetamine, and Xanax. The officer also testified that Wood had admitted using

drugs within a few days of the stop. When the substance was later tested by the Forensic Sciences Division of the Georgia Bureau of Investigation the sample was only fentanyl. The forensic chemist that performed the lab test testified that the field test for methamphetamine was likely a false positive. At the revocation hearing, the government first attempted to show by a preponderance of the evidence that Wood had possessed fentanyl through the lab tests of the drug in Wood's possession on March 21, 2023. The court was "uncomfortable making a finding that [Wood's supervised release] should be revoked based upon possession of fentanyl when the petition for revocation specifically alleges methamphetamine." The court then spoke with Wood's probation officer about how the guideline range would change based on the violation. If Wood was not found to have possessed meth, his range would be 8-to-14 months as opposed to the 21-to-24-month range with the violation. The court noted that the only evidence of Wood's possession of methamphetamine was that it had been in his blood. The district court found that Wood violated the terms of his supervised release. Wood timely appealed.

## II.

We review a district court's conclusion that a defendant violated the terms of his supervised release for abuse of discretion. *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam). "A district court's findings of fact are binding on this court unless clearly erroneous." *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993) (quotation marks omitted).

III.

A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his supervision. 18 U.S.C. § 3583(e)(3). Two federal laws govern defendants' interactions with drugs while they are on supervised release. Under 18 U.S.C. § 3583(g)(1), a court must revoke a defendant's supervised release if he "possesses a controlled substance." The same is true if a defendant "tests positive for illegal controlled substances more than 3 times over the course of 1 year." *Id.* § 3583(g)(4). Wood argues that inferring drug possession from a single positive drug test under § 3583(g)(1) contradicts § 3583(g)(4), which makes revocation mandatory only after three positive tests. Wood appeals to the canon of construction that says that we generally construe a statute so that "no clause, sentence, or word" is rendered "superfluous, void, or insignificant." *In re Walter Energy, Inc.*, 911 F.3d 1121, 1146 (11th Cir. 2018) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)). Based on these two provisions, Congress did not intend for courts to equate testing positive for a controlled substance and possessing a controlled substance.

While the impact of the surplusage canon of construction regarding the court's interpretation of § 3583(g)(1) and § 3583(g)(4) is apparent and duly noted, our precedent in *Almand* requires us to find that district courts have discretion to find that a positive drug test is evidence of drug possession. 992 F.2d at 318. The defendant there argued that the district court abused its discretion by revoking his supervised release partially on the basis that he had tested

positive for marijuana and cocaine, which the government claimed was sufficient evidence to support revocation for drug possession under 18 U.S.C. § 3583(g). *Almand*, 992 F.2d at 318. The defendant specifically argued that the positive test merely showed that he had used the drugs, not that he had possessed them. *Id.* We rejected this argument and concluded that the district court did not clearly err when it "exercised its factfinding power" in determining from the available evidence that the defendant had possessed a controlled substance and gave no indication that it believed that it was required to equate use with possession. *Id.*

Therefore, the district court did not abuse its discretion by revoking Wood's supervised release based on the positive drug test for methamphetamine because it was permitted to infer from that test and his uncontested admission that he had used drugs that he had possessed methamphetamine, in violation of the conditions of his supervised release.

IV.

"Defendants involved in revocation proceedings are entitled to certain minimal due process requirements." *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). Federal Rule of Criminal Procedure 32.1 incorporates those due process requirements in revocation proceedings. *Id.* Among other things, defendants are entitled to "written notice of the alleged violation." Fed. R. Crim. P. 32.1(b)(2)(A).

In *United States v. Evers*, the former Fifth Circuit considered whether a defendant was given adequate written notice of the

alleged violation of his probation for purposes of the hearing where the government's motion for revocation merely said, "[a]rrest and possession of marihuana on November 24, 1974." 534 F.2d 1186, 1187–88 (5th Cir. 1976).[1] The court explained "[a] revocation hearing need not be as rigid or as formal as a criminal trial either with respect to notice or specification of charges, fairness of the proceedings being the prime factor." *Id.* at 1188.

Here, the district court did not violate Rule 32.1(b)(2)(A) or Wood's due process rights when it revoked his supervised release based on his positive blood test for methamphetamine because Wood received adequate notice in the petition that drug charges arising out of the traffic stop might be a basis for the court's revocation of his supervised release. The government's switch from using the lab test for fentanyl to the blood test for methamphetamine as the evidentiary basis for the revocation might not have provided ideal notice and may have come as a surprise to Wood. But the revocation petition adequately described the violation, and it need not specifically allege that Wood's blood test would be the proffered evidence, especially in light of the factual connection between the test and the traffic stop described in the petition.

Therefore, the district court did not abuse its discretion in finding that Wood violated the conditions of his supervised release,

---

[1] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

24-10496                 Opinion of the Court                    7

and it did not violate Rule 32.1(b)(2)(A) or Wood's due process rights when it revoked his supervised release. We affirm.

**AFFIRMED.**